# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| FERRELLGAS PARTNERS L.P. *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. N19C-05-275 MMJ [CCLD] |
| v. | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY and BEAZLEY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 23, 2020
Decided: August 20, 2020

On Plaintiff Ferrellgas, L.P.'s Motion to Order
Defendant Beazley Insurance Company
to Advance and Reimburse Defense Costs

## OPINION

Brenton W. Vincent, Esq., (Argued), Bryan Cave Leighton Paisner LLP, Chicago, Illinois, David J. Baldwin, Esq., (Argued), Peter C. McGivney, Esq., Berger Harris, LLP, Wilmington, Delaware, *Attorneys for Plaintiffs Ferrelgas, et al.*

Daniel McNeel Lane, Esq. (Argued), Norton Rose Fulbright US LLP, San Antonio, Texas, Samantha Miller, Esq., Norton Rose Fulbright US LLP, Washington, D.C., Thomas G. Macauley, Esq., Macauley, LLC, Wilmington, Delaware, *Attorneys for Defendant Beazley Insurance Company, Inc.*

**JOHNSTON, J.**

1

Pending before the Court is Plaintiff Ferrellgas, L.P.'s Motion to Order Defendant Beazley Insurance Company to Advance and Reimburse Defense Costs. For the reasons detailed below, the Court grants the Motion and awards Ferrellgas, L.P. ("FG") its fees-for-fees incurred in preparing and prosecuting the Motion. In addition, set forth herein is a protocol that FG and Beazley Insurance Company ("Beazley") shall follow with regard to the submission of invoices, raising any objections to time entries or expenses, and resolving any resulting disputes.

## PROCEDURAL AND FACTUAL CONTEXT

Plaintiffs filed this action on May 29, 2019.[1] In their Complaint, Plaintiffs allege that Defendants Zurich American Insurance Company ("Zurich") and Beazley breached certain director and officer liability insurance policies in denying coverage for claims asserted against various insured entities and individuals by Eddystone Rail Company, LLC in the matter captioned *Eddystone Rail Company, LLC v. Bridger Logistics, et al.* That matter is pending in the United States District Court for the Eastern District of Pennsylvania (the "Eddystone Litigation"). Plaintiffs state that they have paid defense costs in the Eddystone Litigation in excess of

---

[1] Plaintiffs include Ferrellgas Partners, L.P., Ferrellgas, L.P., Bridger Logistics, LLC, Bridger Administrative Services II, LLC, Bridger Lake, LLC, Bridger Leasing, LLC, Bridger Marine, LLC, Bridger Rail Shipping, LLC, Bridger Real Property, LLC, Bridger Storage, LLC, Bridger Terminals, LLC, Bridger Transportation, LLC, Addison Partner, LLC, and Liberty, LLC.

2

$1,000,000.00. Plaintiffs request declaratory judgment in their favor, with an award of past and ongoing defense costs, prejudgment interest and post-judgment interest, and attorneys' fees and other expenses incurred in preparing and prosecuting the action.

On July 1, 2019, Plaintiffs filed a First Amended Complaint.[2] On July 11, 2019, Plaintiffs filed a motion for summary judgment seeking declarations that defendants owe a duty to advance and reimburse defense costs incurred in the Eddystone Litigation by former FG officers and directors Julio Rios and Jeremy Gamboa. On July 26, 2019, Zurich filed its Answer to the First Amended Complaint, Affirmative Defenses, and Counterclaims.[3] Zurich sought dismissal of the First Amended Complaint and, by way of counterclaim, sought a declaration that it has no insuring obligation relative to the Eddystone Litigation.

On July 31, 2019, Beazley filed its Answer and Affirmative Defenses in response to the First Amended Complaint.[4] Beazley likewise requested dismissal of

---

[2] The Amended Complaint added plaintiffs Bridger Swan Ranch, LLC and Bridger Energy, LLC and corrected a typo.

[3] Notably, the Answer included 37 affirmative defenses.

[4] Beazley, in its Answer, asserted five affirmative defenses and incorporated by reference "as appropriate" the 37 affirmative defenses asserted by Zurich.

the First Amended Complaint, but did not assert a counterclaim for declaratory relief.

On August 18, 2019, Zurich and Beazley cross-moved for summary judgment. After briefing was completed, the Court heard argument on the cross-motions on November 13, 2019.

On August 22, 2019, Plaintiffs filed their reply to the Zurich counterclaims, requesting that the counterclaims be dismissed with prejudice.

On January 21, 2020, the Court granted Zurich's motion for summary judgment, and denied Plaintiffs' motion for summary judgment, finding that the Eddystone Litigation is excluded from the Zurich Policy language. The Court denied Beazley's motion for summary judgment, and granted Plaintiffs' motion for partial summary judgment, as to advancement and reimbursement of the Eddystone Litigation defense expenses pursuant to the Beazley policy.[5] Beazley applied for certification of an interlocutory appeal.

On February 17, 2020, the Court denied that application.[6] Beazley did not subsequently file a notice of interlocutory appeal with the Delaware Supreme Court.

---

[5] *Ferrellgas Partners L.P v. Zurich American Ins. Co.*, 2020 WL 363677 (Del. Super.).

[6] *Ferrellgas Partners L.P v. Zurich American Ins. Co.*, 2020 WL 764155 (Del. Super.).

4

On June 26, 2020, FG, pursuant to Section 6805 of the Delaware Declaratory Judgment Act, moved for entry of an order requiring Beazley to advance and reimburse FG's past and ongoing defense costs incurred in the defense of Rios and Gamboa in the underlying Eddystone Litigation. The motion recited that, after the Court's denial of Beazley's application for certification of interlocutory appeal, FG had submitted invoices for reimbursement and that Beazley has refused to pay any portion of those invoices. Beazley took the position that "the January 21, 2020 Opinion and Order on the cross-motions for summary judgment does not constitute a money judgment in Ferrelgas' favor," and that "Beazley will not make payment on any invoices submitted unless and until Ferrelgas receives a final and nonappealable [sic] money judgment in its favor from the Delaware court."[7] FG's motion was fully briefed, and the Court heard argument on July 23, 2020.

## ANALYSIS

In their motion, Plaintiffs argue that, pursuant to 10 *Del. C.* §6501, declaratory judgments have the "force and effect of a final judgment or decree." Plaintiffs rely

---

[7] During oral argument on the pending motion, the Court asked why plaintiffs chose, by their motion, to essentially renew their previous request for declaratory relief, rather than seek a rule to show cause why Beazley should not be held in contempt for failure to comply with the Court's January 21, 2020 Opinion and Order and, relatedly, the Court's February 17, 2020 denial of certification of interlocutory appeal. Counsel responded that it was a conscious decision not to seek a contempt determination at least at this time.

5

on *AR Capital, LLC v. XI Specialty Insurance Company.*[8] In *AR Capital*, the Court found: "For the litigation which the Court has found there is coverage, the insurers should immediately pay the legal bills that have been submitted by AR Capital in accordance with this Opinion. As in this Court's decision in *Verizon*, payment of these costs has been pending for years, and the insurers are obligated to advance these costs. If there are claims for which coverage is subsequently determined to be inappropriate, AR Capital would be obligated to repay those expenses. However, the insurance companies obligated themselves to pay these claims up front and there is no reason now to delay payment further."[9]

Beazley, in its response in opposition, takes the position that it currently has no payment obligation for three reasons. First, Beazley contends that the Declaratory Judgment Act "is not the appropriate vehicle to order payment of an unspecified amount of damages." Second, Beazley asserts that, because the invoices provided by FG were heavily redacted, they "cannot be reviewed for reasonableness." Third, Beazley argues that the Court should deny FG's motion "because many questions surrounding the amounts to be paid in defense costs by

---

[8] 2018 WL 660184 (Del. Super.).

[9] *Id.* at *16.

6

Beazley – and the evidence needed to answer them – are not before the Court and remain in dispute."

Beazley also relies on *Viking Pump, Inc. v. Century Indemnity Company.*[10] According to Beazley, *Viking Pump* stands for the proposition that "some determination of damages is necessary – not merely a finding of an obligation to pay – for the Court to order payment following a declaratory judgment action."[11]

Beazley further relies on the policy references to fees and expenses being "reasonable and necessary" as support for its insistence on unredacted invoices. Finally, Beazley asserts various "procedural deficiencies" making FG's motion "not ripe for consideration."

In sum, Beazley urges the Court (i) to await the parties' possible agreement as to the appropriate amount(s) of advancement and then enter a certification of appeal under Rule 54(b) or, failing that, (ii) to conduct an evidentiary hearing as to the appropriate amount(s) and enter a judgment subject to appeal.

In its reply, FG observes that, in seeking interlocutory review of the Court's January 21, 2020 Opinion and Order, Beazley had asserted that it would suffer "irreparable harm" if "compelled to advance [FG's] defense costs at this time absent

---

[10] 2018 WL 2331990 (Del. Super.).

[11] *Id.* at *6.

7

interlocutory review." This position was not taken by Beazley in opposing FG's pending motion. In addition, FG contends that, despite Beazley's arguments to the contrary, FG is not seeking entry of a final monetary judgment: "Rather, it only seeks entry of an order requiring Beazley to honor its obligations and advance defense costs as required by this Court's January 21, 2020, Order ('DJ Order')."

FG also represents that it is willing to provide Beazley with unredacted invoices, "provided that Beazley agrees to protect privileged and work product materials."[12] FG stands on the language of the Beazley policy, as it has previously. It contends that *Viking Pump* is inapplicable because "FG does not seek entry of a final award of damages in a specific amount or for the Court to simply 'adopt' in a judgment the amount of claims it has tendered to Beazley." According to FG, "Rather, FG here seeks entry of an order requiring Beazley to advance defense costs."

Prior to the July 23, 2020 oral argument, counsel for FG forwarded to the Court copies of certain documents from another case,[13] including (now) President

---

[12] FG appears to limit its offer to future invoices, stating: "However, [Beazley] has waived this right as to historical materials by denying coverage and is not entitled to the *tabula rosa* review of historical costs it seeks." FG cites in support, as an example, *HLTH Corp. v. Travelers Indem. Co.*, 2009 WL 756306, at *1 (Del. Super.).

[13] *Dyncorp, et al. v. Underwriters at Lloyd's London, et al.*, N08C-09-218 JRJ.

Judge Jurden's March 30, 2010 Order denying defendant Underwriters' resubmitted Motion for Reargument and Reconsideration.

During the "virtual" oral argument (held in the midst of the ongoing pandemic), four points were elucidated. First, the parties agreed that Delaware law governs the pending motion.[14] Second, with regard to the submission and review of invoices, counsel for Beazley represented that Beazley would keep the invoices "confidential," and counsel for FG contended that entering into a common interest agreement would be appropriate.[15] Third, counsel for Beazley acknowledged a desire on Beazley's part to obtain a final, non-appealable judgment that would be binding upon the "tower" of D&O insurance carriers who might have exposure to coverage of the defense costs at issue.[16] Fourth, counsel for FG represented that, with regard to defense costs advanced, it "is already $7 million to the bad."[17]

---

[14] Transcript at 3.

[15] Transcript at 10, 17.

[16] Transcript at 15, 18, 26.

[17] Transcript at 26.

**A.    Entitlement to Reimbursement to FG for Its Advancement of Attorneys' Fees and Other Expenses to Rios and Gamboa in Defense of the Eddystone Litigation**

The Court has twice previously held that FG is entitled to be reimbursed by Beazley for amounts advanced to Rios and Gamboa. The Court now does so for the third time.

Beazley, having chosen not to seek interlocutory appeal of the Court's January 21, 2020 Opinion and Order, following the denial of certification of an appeal, is compelled to comply with that Opinion and Order forthwith. Governing Delaware statutory law and common law (acknowledged by the parties to control) allows no other result. Nevertheless, there are several issues that must be addressed.

First, FG contends that Beazley should have no opportunity to review historic invoices for work that was "reasonable and necessary" because it has denied coverage. The Court acknowledges that there is some Delaware precedent in that regard. But the Court finds that precedent distinguishable from the present circumstances. As the record reflects, the denial of coverage was at least in part based upon what Beazley characterizes as the heavily-redacted invoices submitted. In addition, as a general matter under Delaware law, attorneys' fees and other

10

expenses submitted for advancement must be reasonable, and the burden is on the advancement claimant to demonstrate reasonableness.[18]

Second, Beazley argues the necessity of a final, non-appealable ruling that would bind insurers above it in the "tower" of D&O insurance coverage. That may be a business goal of Beazley, but it does not affect the Court's perspective as to the appropriate outcome in connection with the pending motion (or otherwise) regarding *Beazley's* own obligations.

Finally, and most significant, is the question of how the parties should proceed going-forward. Drawing from well-established and time-tested precedent from the Court of Chancery, the Court holds that the following protocol shall be followed.

1.      To the greatest extent practicable, unredacted or at most lightly redacted historic invoices shall be provided by FG to Beazley in compliance with the protocol

---

[18] *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 823-26 (Del. 1992). Contrary to the position taken by Beazley in this case, the Court does not understand the "reasonableness" determination to include whether the fees and expenses are potentially subject to a policy exclusion provision. Rather, that determination is governed by the factors set forth in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct. Those factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

11

set forth herein.[19]  This obviously will require (a) consultation on the part of FG with counsel for Rios and Gamboa who submitted the invoices in the first place for payment by FG; and (b) the submission of certifications by those counsel (again in accordance with the protocol set forth herein).

2.  Going-forward, the parties shall follow the *Fitracks*-style protocol of invoice submission, review, and dispute resolution.[20]  For the avoidance of doubt, that protocol shall include:

(a)  For all amounts for which advancement is sought in accordance with this Opinion and Order, FG shall submit:

---

[19] *White v. Curo Texas Holdings LLC,* 2017 WL 1369332, at *6 (Del. Ch.) ("In my experience, redaction of invoices is rarely warranted."); *id.* at *7 ("The court has entered a two-tiered confidentiality stipulation, which provides sufficient protection to obviate the need to redact invoices. Going forward, White and Kumar shall provide unredacted invoices to Cure Holdings. If White and Kumar believe it is necessary to redact a particular category of items, they first must apply to the court and establish good cause for doing so."). The Court at this time is not going to impose such a "good cause" showing requirement upon FG (and in the first instance, upon counsel for Rios and Gamboa), but the Court reserves the opportunity to do so at a later time if it appears that historic invoices and/or invoices going-forward are not being presented to Beazley in an appropriate form.

[20] *Danenberg v. Fitracks, Inc.,* 58 A.3d 991, 1001-04 (Del. Ch. 2012).

(i)     Detailed invoices identifying the total amount of attorneys' fees and other expenses incurred in for which payment is requested. With as much precision as possible, the invoices shall provide for each time entry (aa) date, (bb) timekeeper, (cc) billing rate, (dd) task description, (ee) time incurred, and (ff) amount charged. Counsel for Rios and Gamboa may redact task descriptions for invoice entries that are not subject to advancement, if any. Invoices also shall identify with detail each expense, the date of the charge, its nature, and the amount incurred.

(ii)     A certification signed by a senior attorney representing Rios and Gamboa. The certification by counsel shall attest that (aa) counsel personally reviewed the invoice, (bb) each time entry and expense for which advancement is requested was incurred on behalf of Rios and Gamboa in the Eddystone Litigation, (cc) the amount demanded does not include work related to the preparation of invoices, (dd) in his or her professional judgment, the fees and expenses charged are reasonable in light of the factors listed in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct, and (ee) the services rendered were thought prudent and appropriate in counsel's professional judgment.

(b)     For all amounts for which advancement is sought in accordance with this Order, and for which advancement is sought based upon the invoices previously submitted, FG shall submit to Beazley a demand complying with

13

Paragraph (a), above, by the **30th business day** following the issuance of this Opinion. Any fees or expenses not included in the demand are deemed waived.

(c)     For all amounts for which advancement is sought in accordance with this Opinion, FG shall submit to Beazley a demand complying with Paragraph (a), above, by the **10th business day** of each month thereafter for all time and expenses incurred by FG during the prior month. Any fees or expenses not included in the demand are deemed waived.

(d)     Payments made by Beazley to FG pursuant to this Order shall be sent to FG using wire/ACH instructions provided by FG.

(e)     Any objections to a demand made pursuant to this Opinion and Order must be raised no later than **10 business days** after Beazley receives the demand. Any portion of a demand not objected to must be paid in full no later than **10 business days** after Beazley receives the demand. If Beazley disputes more than 50% of the amount sought in any demand, Beazley shall pay 50% of the amount sought and FG shall hold the amount exceeding the undisputed amount (not to exceed 50% of the amount sought) in an escrow account pending resolution of the dispute regarding such portion.

(f)     To the extent there are any objections to a demand made under this Opinion, a senior Delaware lawyer for Beazley shall respond to the demand in writing. The response shall identify each specific time entry or expense to which

14

Beazley objects and explain the nature of the objection. A senior Delaware lawyer for Beazley shall certify that (i) the lawyer personally reviewed the demand and (ii) the lawyer's professional judgment, the disputed fees and expenses are not reasonable or otherwise fall outside the scope of the advancement or payment right. The response shall cite any legal authority on which Beazley relies. Any objection not included in the response is deemed waived.

(g)     Within **10 business days** of receiving objections submitted in compliance with this Opinion and Order, a senior Delaware lawyer for FG shall reply to the response in writing and provide supporting information and legal authority.

(h)     Within **5 business days** of Beazley's receipt of FG's reply, senior Delaware lawyers representing each party shall meet and confer regarding any disputed amounts. Any additional agreed-upon amount that results from the meet-and-confer session shall be paid with the next month's payment of undisputed amounts.

(i)     Not more frequently than quarterly, FG may file an application seeking a ruling on any disputed amounts. Briefing shall consist of a motion, an opposition filed within **15 business days** of the motion, and a reply filed within **10 business days** of the opposition. The parties shall only cite authorities identified in

15

writing in the applicable demand, response, or reply. The Court will determine if a hearing is warranted and/or whether a special master should be appointed.

(j)     If the Court grants an application in whole or in part, pre-judgment interest will be due as the Delaware legal rate of interest, compounded monthly, from **30 calendar days** after the receipt of the applicable demand. In addition, if the Court grants an application in whole, in parallel with the next demand, FG may demand indemnification for the attorneys' fees and other expenses incurred in connection with the granted application. The parties shall address the indemnification demand in the same manner as a demand made under this Order. Except in connection with a successful application, FG shall not seek or receive advancement or indemnification for time spent preparing invoices and demands, addressing responses, or conferring regarding demands made.

## B.     Entitlement to Prejudgment and Post-judgment Interest.

FG ordinarily would be entitled to an award of prejudgment and post-judgment interest at the legal rate under Delaware law, with interest accruing as of the date of the submission of each invoice at issue.[21] However, because the Court is directing that invoices already submitted be revisited by counsel for Rios and Gamboa, FG, and Beazley, it would not be appropriate to award prejudgment interest and post-judgment interest at this time.

---

[21] *See Citadel Holding Corp. v. Roven*, 603 A.2d at 826.

## C.    Entitlement to Fees-For-Fees

The Court finds that FG is entitled to be indemnified for its reasonable attorneys' fees and other expenses incurred in connection with preparing and prosecuting its enforcement motion, so as to "be made whole."[22] Those so-called "fees-for-fees" shall be certified to the Court by FG and, absent objection by Beazley, paid by Beazley to FG within **10 business days** of Beazley's receipt of the certification. In the event of any objection to payment, counsel shall so advise the Court so that the matter can be scheduled for prompt resolution.

## CONCLUSION

Beazley is hereby directed to comply with the Court's January 21, 2020 Opinion. The parties shall follow the *Fitracks*-style protocol of invoice submission, review, and dispute resolution.[23]

**THEREFORE,** Plaintiff Ferrellgas, L.P.'s Motion to Order Defendant Beazley Insurance Company to Advance and Reimburse Defense Costs is hereby **GRANTED.** The Court also awards FG its fees-for-fees incurred in preparing and

---

[22] *See Stifel Financial Corp v. Cochran*, 809 A.2d 555, 561-62 (Del. 2002) (awarding fees-for-fees in the indemnification context*); Reddy v. Electronic Data Systems Corp.*, 2002 WL 1358761, at *9 (Del. Ch.) (extending the *Stifel Financial Corp.* holding to award fees-for-fees in the advancement context).

[23] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1001-04 (Del. Ch. 2012).

prosecuting the motion. The parties are directed to follow the protocol set forth herein.

**IT IS SO ORDERED.**

_____
Mary M. Johnston, Judge